STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**FILED**

**March 24, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: G.K., S.C., and M.C.

No. 16-0859 (Mercer County 15-JA-142-DS, 15-JA-143-DS, & 15-JA-144-DS)

# MEMORANDUM DECISION

Petitioner Mother A.K., by counsel David B. Kelley, appeals the Circuit Court of Mercer County's August 15, 2016, order terminating her parental, custodial, and guardianship rights to seven-year-old G.K, one-year-old S.C., and nine-year-old M.C.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Monica Oglesby Holliday, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental, custodial, and guardianship rights and in denying her an improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2012, the DHHR filed a petition for abuse and neglect against petitioner because M.C. had multiple unexplained injuries. According to petitioner, M.C.'s injuries were self-inflicted and caused by another child in the home. Thereafter, the circuit court dismissed the proceedings. In April of 2015, the DHHR received another referral that M.C. presented with multiple bruises on his body. During the investigation M.C. told Child Protective Services ("CPS') workers that petitioner hit him. However, the investigation was closed after M.C. admitted that he lied about the sources of his bruises.

In September of 2015, the DHHR received another referral that M.C. had unexplained bruises on his face, neck, back, and arms. During the investigation, M.C. told CPS workers that the bruises were self-inflicted. However, G.K. told investigators that petitioner "spanks" and "whoops" M.C. with a pink belt. G.K. also disclosed that petitioner "choked [M.C.] a few days

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

ago" and "put a rag in [M.C.'s] mouth." As part of the investigation, medical professionals concluded that the bruises were "suspicious of abuse" and that petitioner's explanations were inconsistent with the bruises. As a result, the DHHR filed a petition for abuse and neglect.

In March of 2016, the circuit court conducted an in camera interview with M.C. during which he disclosed that petitioner was trying to kill him. M.C. also disclosed that petitioner hit him with a wooden bat and held a knife to his throat. According to M.C., petitioner hit him multiple times, choked him, bit his fingers, pulled his ears, and was responsible for the bruises on his neck and chest. Thereafter, the circuit court held an adjudicatory hearing during which it heard corroborating testimony that M.C.'s bruises were not self-inflicted. Importantly, the circuit court heard testimony that M.C. has not suffered any injuries since he was removed from petitioner's care. Accordingly, the circuit court found that petitioner abused the children.[2]

Several months later, the circuit court held a dispositional hearing. A DHHR worker testified that they were unable to formulate an improvement plan because petitioner denied that she abused M.C. Multiple interested parties testified that petitioner was a good parent and that she was willing to participate in an improvement period. The circuit court also heard testimony that several witnesses have observed M.C. participate in self-injurious behavior. Lastly, petitioner denied abusing M.C. After considering all of the evidence, the circuit court denied petitioner an improvement period and terminated her parental, custodial, and guardianship rights by order entered August 15, 2016.[3]  This appeal followed.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

---

[2]Petitioner admitted that she was drunk during the adjudicatory hearing. Shortly thereafter, petitioner was indicted on three counts of child abuse resulting in injury and one count of domestic battery.

[3]The circuit court also terminated the parental rights of S.C.'s father and M.C.'s father. According to the guardian's brief, as of the filing of her response brief, the permanency plan for S.C. is adoption by the maternal grandmother. Similarly, the permanency plan for M.C. is to be reunited with his biological mother. G.K. was reunited with his non-offending father.

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in terminating her parental, custodial, and guardianship rights because the evidence was insufficient to warrant termination. Petitioner contends that there was no direct evidence that she physically abused M.C. Furthermore, petitioner argues that the circuit court was presented with substantial evidence that M.C. has a history of self-injury. We have previously held that

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)). This Court has also held as follows:

> "[p]arental rights may be terminated where there is clear and convincing evidence that the infant child has suffered extensive physical abuse while in the custody of his or her parents, and there is no reasonable likelihood that the conditions of abuse can be substantially corrected because the perpetrator of the abuse has not been identified and the parents, even in the face of knowledge of the abuse, have taken no action to identify the abuser."

Syl. Pt. 3 *In re: Jeffrey R.L.*, 190 W.Va. 24, 435 S.E.2d 162 (1993). While petitioner testified that she did not physically harm M.C., the circuit court also heard testimony she hit M.C. multiple times, choked him, bit his fingers, pulled his ears, and was responsible for the bruises on his neck and chest. Furthermore, petitioner maintained that M.C. self-inflicted some of his injuries despite evidence that the bruises were inconsistent with self-injurious behavior. Our case law is clear that "in the context of abuse and neglect proceedings, the circuit court is the entity charged with weighing the credibility of witnesses and rendering findings of fact." *In re Emily*, 208 W.Va. 325, 339, 540 S.E.2d 542, 556 (2000) (citing Syl. Pt. 1, in part, *In re Travis W.*, 206 W.Va. 478, 525 S.E.2d 669 (1999)); se*e also Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997) (stating that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations."). Importantly, the circuit court also heard testimony that M.C. had been injury free since he was removed from petitioner's care. Based upon petitioner's willful refusal to acknowledge the conditions of abuse and neglect in the home, coupled with M.C.'s testimony, the circuit court had sufficient evidence upon which to find there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect. For these reasons, termination of petitioner's parental, custodial, and guardianship rights to the children was not error.

Petitioner also argues that the circuit court erred in denying her motion for an improvement period. Pursuant to West Virginia Code § 49-4-610, "[a] court may grant a respondent an improvement period . . . when the respondent files a written motion . . . and demonstrates, by clear and convincing evidence, that the respondent is likely to fully participate in the improvement period[.]" *See also In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)). The decision to grant or deny a parent's motion for an improvement period in an abuse and neglect proceeding is a discretionary decision left to the sound judgment of the circuit court. *See* Syl. Pt. 2, in part, *In re Lacey P.*, 189 W.Va. 580, 433 S.E.2d 518 (1993) (stating that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements").

In support of her argument, petitioner states that she testified that she was willing to participate in any services necessary to regain the custody of her children. Similarly, petitioner contends that multiple witnesses testified that she was an appropriate parent and would fully comply with the terms of an improvement period. However, petitioner fails to discuss her unwillingness to acknowledge the abuse and neglect problems that required improvement. Indeed, petitioner's argument wholly ignores that she continued to deny that she abused M.C. and blamed M.C.'s injuries on himself. Based upon the evidence presented to the circuit court, particularly petitioner's failure to acknowledge the abuse and neglect problems at issue, we find no error in the circuit court's denial of petitioner's motion for an improvement period in this case.

For the foregoing reasons, we hereby affirm the circuit court's August 15, 2016, order.

Affirmed.

**ISSUED**: March 24, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

4